IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN GLENN BRIDGES, #1603573, § § | | |
| Petitioner, | § § | |
| v. | § § | 3:14-CV-0713-B-BK |
| WILLIAM STEPHENS, Director TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

Petitioner was convicted of driving while intoxicated, enhanced by four prior convictions, and unauthorized use of a motor vehicle, and was sentenced to sixty years' and two years' imprisonment, respectively, to run concurrently. *State v. Bridges*, No. 27656CC2 (County Court at Law No. 2, Kufman County, 2010), aff'd, No. 05-10-00956-CR, 2011 WL 5557534 (Tex. App.—Dallas 2011, pet. ref'd). The Texas Court of Criminal Appeals denied state habeas relief based on the trial court's findings and without a written order. *Ex Parte Bridges*, No. 80,229-01 (Tex. Crim. App. 2013). [Doc. 8-14 at 2].

In his timely, *pro se* federal petition, Petitioner challenges the failure to prove loss of his mental faculties in connection with the DWI charge, the exclusion of impeachment evidence, the denial of the right to confront witnesses and to a fair trial, the failure to give *Miranda* warnings,

the denial of effective assistance of counsel on appeal, and the sufficiency of the evidence. [Doc. 3 at 6-8]. Respondent argues the petition lacks merit. [Doc. 13]. Petitioner has not filed a reply.

## II. ANALYSIS

### A. Unexhausted and Procedurally-Barred (Claims 1 and 6)

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 490-491 (5th Cir. 2005). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-524 (5th Cir. 2008).

Petitioner did not exhaust his first and sixth claims that his right to due process was violated when the state failed to prove the loss of his mental faculties due to intoxication, and that appellate counsel rendered ineffective assistance when he failed to brief the issues of no evidence and trial counsel ineffectiveness. *Compare* Doc. 3 at 6-8 (2255 petition) with Doc. 8-14 at 195-199 (state habeas petition) and Doc. 8-12 at 5-7 (state petition for discretionary review). His failure to exhaust constitutes a procedural default that bars this Court from considering the claims. *Morris*, 413 F.3d at 491-492; *Ries*, 522 F.3d at 523-524. Moreover, Petitioner has not alleged, much less shown cause for the defaults and actual prejudice, or that a

fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims.  *See* [Coleman v. Thompson, 501 U.S. 722, 750 (1991)](#), *modified by* [Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309 (2012)](#).  Indeed, Petitioner has not filed a reply addressing Respondent's assertion that his first and sixth claims are procedurally barred.  Moreover, his motion to stay and abate [which the Court denied] acknowledges the lack of exhaustion.  [[Doc. 15](#)].  It is apparent from the record that Petitioner had the opportunity to raise in his state writ all the claims he presents here, and simply failed to do so.  Therefore, Petitioner's first and sixth claims should be dismissed with prejudice as unexhausted and procedurally barred.

### B.  Procedurally Barred - No Contemporaneous Objection (Claims 2-5)

Petitioner asserts the state violated his due process rights when it altered a copy of the original traffic video, which contained evidence that he could have used to impeach Officer Sims's testimony, and admitted it at trial.  [[Doc. 3 at 6](#)].  He argues the original video would have shown that Officer Sims lacked probable cause to arrest him.  [[Doc. 4 at 3](#)].  Petitioner also claims that his rights under the Fifth and Fourteenth Amendments and the Confrontation Clause were violated when the state failed to present at trial the person who inked and printed his fingerprints on a card admitted to prove his prior convictions for enhancement purposes.  [[Doc. 3 at 7](#); [Doc. 4 at 9](#)].  Next, he asserts that the admission of his driving record (Exhibit 9) "had a substantive and injurious effect on jury's verdict" denying him a fair trial, and that the arresting officer's failure to give Miranda warnings allowed the jury "to view incriminating events," namely the traffic video and Petitioner's driving record and prior convictions.  [ [Doc. 3 at 7-8](#); [Doc. 4 at 5-6](#)].

The state habeas court denied these claims as procedurally barred because Petitioner failed to object at trial to any of the evidence made the basis of his claims, thus failing to

preserve any error. [Doc. 8-14 at 235-236]. The court also found that the second, third, and fifth claims "could have been - but w[ere] not - raised on direct appeal." [Doc. 8-14 at 235-236]. With respect to Petitioner's driving record, the state court further found that the admissibility of exhibit 9 was raised and rejected on direct appeal under Texas Rules of Evidence 402, 403, and 404(b) and, therefore, was "procedurally barred in this application for writ of habeas corpus." [Doc. 8-14 at 236].

The Court of Appeals for the Fifth Circuit has repeatedly recognized a procedural default premised upon a federal habeas corpus petitioner's failure to comply with the Texas contemporaneous objection rule. *See, e.g.,* Scheanette v. Quarterman, 482 F.3d 815, 823-824 (5th Cir. 2007) (Texas contemporaneous objection is "an adequate and independent state procedural barrier to federal habeas review"). Under that rule, "a petitioner is deemed to have waived any error by failing to raise an objection." Haley v. Cockrell, 306 F.3d 257, 262 n. 8 (5th Cir. 2002), *vacated on other grounds*, 541 U.S. 386 (2004). Here, counsel's failure to object on due process grounds to the admission of the traffic video and to Petitioner's driving records (Claims 2 and 4) constitutes a procedural default that bars this Court from considering those claims.[1] Likewise, a procedural default arose as a result of counsel's failure to object under the Fifth and Fourteenth Amendments and the Confrontation Clause to Susan Monroe's testimony regarding her comparison of applicant's jail print card with his prior convictions (Claim 3), and to the arresting officer's failure to give Miranda warnings (Claim 5).[2]

---

[1] At trial, defense counsel unsuccessfully raised two objections to the traffic video, arguing (1) under Rule of Evidence 403 that the prejudicial effect of the racial slurs in the video outweighed its probative value [Doc. 8-7 42-47 (Vol. 3 RR)], and (2) under the best evidence rule that a copy of the video should not be played on the ELMO system because it was not the original. [Doc. 8-7 at 48-50, 53-57].

[2] Defense counsel did not object at trial to Ms. Monroe's testimony. [Doc. 8-7 at 119-129].

Additionally, as the state habeas court found, the second, third, and fifth claims are procedurally barred as a result of counsel's failure to raise those issues on direct appeal. The Fifth Circuit Court of Appeals has found that the *Gardner* rule, under which record-based claims not raised on direct appeal will not be considered in habeas proceedings, is an adequate state ground capable of barring federal habeas review. *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (citing *Ex parte Gardner*, 959 S.W.2d 189, 191 (Tex. Crim. App.1996, clarified on reh'g Feb. 4, 1998)).

While Petitioner may overcome a procedural default by showing cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims, he has not met that burden. *See Coleman v. Thompson*, 501 U.S. 722, 750. His federal petition and brief are silent as to the state court's procedural default findings, and he has not filed a reply rebutting Respondent's assertions that his claims are procedurally barred. Therefore, Petitioner's second, third, fourth and fifth claims should be dismissed with prejudice as procedurally barred.

### C. Procedurally Barred - No Evidence (Claim 7)

Lastly, Petitioner claims there was "no evidence" of his intoxication to sustain his conviction. [Doc. 3 at 8]. The state habeas court denied relief, concluding "sufficiency of the evidence used to sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas corpus." [Doc. 8-14 at 236].

Because Petitioner did not challenge the sufficiency of the evidence on direct appeal, his failure constitutes a procedural default that bars review of his claim on the merits. *See Reed v. Thaler*, 428 Fed. App'x. 453, 454 (5th Cir. 2011) (unpublished *per curiam*) (when a petitioner raises a sufficiency claim only in his state habeas application, "the Texas Court of Criminal

Appeals' denial of his application [is] based on an independent and adequate Texas procedural ground such that his sufficiency claim is procedurally defaulted."); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) (sufficiency claim is not cognizable in state habeas application). Moreover, Petitioner has not demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim. *Coleman*, 501 U.S. at 750. Accordingly, his sufficiency of the evidence claim is procedurally barred from federal habeas review.[3]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED March 2, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Insofar as Petitioner now claims that the state court "misconstrued" his sufficiency of the evidence claim "in order to deny relief," his assertion fares no better. [Doc. 3 at 8]. Infirmities in collateral proceedings are not grounds for federal habeas relief. *Rudd v. Johnson*, 256 F.3d 317, 319-320 (5th Cir. 2001).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE